IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ROBERT D. SMITH,<br>Plaintiff | § § § | |
| v. | § § | Civil Action No: |
| JIM COCHRUN,<br>Defendant | § § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

To the Honorable United States District Judge:

COMES NOW, JIM COCHRUN, the only defendant named in the above-styled and numbered cause, and without waiving any of his defenses, hereby gives notice of removal of this case pursuant to 28 U.S.C. § 1332 and 1441(a), for removal of an action filed against Jim Cochrun in the Chancery Court of Williamson County, Tennessee at Franklin, to the United States District Court for the Middle District of Tennessee. In support of this removal, Jim Cochrun would respectfully show this Court the following:

### I. Background

1. On February 12, 2018, Plaintiff filed this action in the Chancery Court of Williamson County, Tennessee at Franklin.

2. Plaintiff is Robert D. Smith, an individual resident of Tennessee.

3. Defendant is Jim Cochrun, an individual resident of Texas.

4. Jim Cochrun is the only named defendant.

1

5. Plaintiff's Verified Complaint for Temporary Restraining Order and for Damages (the "Complaint") alleges claims against Defendant for damages caused by Defendant's alleged defamation, slander, invasion of privacy – false light, and tortious interference with business relations. *See Exhibit A*.

## II. Removal is Timely

6. Jim Cochrun was provided with a copy of the Complaint on the afternoon of February 16, 2018 via email from Plaintiff's counsel. *See Exhibit G*. Defendant has not been formally served by Plaintiff at this time.

7. Jim Cochrun now timely files this Notice of Removal within 30 days after receipt of the Complaint, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, pursuant to 28 U.S.C. §1446(b).

8. This case is being removed within one year of commencement of the action, as required under 28 U.S.C. §1446(c).

## III. Grounds for Removal

### A. Amount in Controversy Exceeds $75,000

9. The Complaint filed by Plaintiff seeks monetary relief of at least $750,000 plus for attorney's fees and costs and demands judgment for all other relief to which Plaintiff deems itself entitled." *See* Exhibit A, pp. 7-8.

10. Based upon the above, the amount in controversy between Plaintiff and Defendant in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under 28 U.S.C. § 1332(a).

### B. Complete Diversity of Citizenship between Plaintiff and Jim Cochrun.

11. Plaintiff is a citizen of Tennessee.

12. Defendant is a citizen of Texas.

13. Based upon the above, there is complete diversity of citizenship between all parties to this lawsuit, as they are citizens of different states.

### IV. Consent Not Required

14. Defendant Jim Cochrun is the only named defendant in this lawsuit, and therefore Jim Cochrun is not required to obtain any party's consent prior to removal. *See* 28 U.S.C. §1446(b)(2)(A).

### V. Venue is Proper

15. The Court has original jurisdiction over the claims set forth in the Complaint pursuant to 28 U.S.C. §1332.

16. Venue is proper in this court under 28 USC §1441(a), because this district and division embrace the place in which the removed state court action has been pending.

17. Specifically, the Chancery Court of Williamson County, Tennessee, is located in the jurisdiction of the United States District Court of the Middle District of Tennessee.

### VI. Jim Cochrun Completed All Procedural Requirements

18. All documents required under the removal statutes- including all process, pleadings, answers, and orders served upon Defendant and/or on file with the state court, pursuant to 28 U.S.C §1446(a) – and the Local Rules are attached, including the following:

    - Exhibit A: Verified Complaint for Temporary Restraining Order and for Damages;
    - Exhibit B – Application for Temporary Restraining Order

3

- Exhibit C – Memorandum in Support of TRO

- Exhibit D – TRO Order to Show Cause

- Exhibit E – Motion to Seal Court Document

- Exhibit F – Summons issued by State Court (unserved on Plaintiff)

- Exhibit G: Copy of the email received by Defendant on February 16, 2018 (redacted to exclude attorney-client communications);

- Exhibit H: State Court Docket Sheet; and

- Exhibit I: List of all counsel of record.

19. On filing of this Notice of Removal, Jim Cochrun will promptly provide written notice to Plaintiff and file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending, in accordance with 28 U.S.C. § 1446(d).

20. In the event this Court subsequently identifies a defect in this Notice of Removal, Jim Cochrun respectfully requests this Court to grant him leave to amend this Notice and cure the defect.

## VII.
## RESERVATION OF DEFENSES

21. By filing this Notice of Removal, Defendant Jim Cochrum does not waive, either expressly or impliedly, his respective rights to assert any defenses that he could have asserted in the Chancery Court for Williamson County, Tennessee. Defendant reserves the right to amend or supplement this Notice of Removal.

### VII. Conclusion

WHEREFORE, Defendant Jim Cochrun represents that he has complied with the removal statutes set forth above, and thus, hereby notifies the Court of the removal of this action

4

from the Chancery Court of Williamson County, Tennessee, to the United States District Court for the Middle District of Tennessee.

          RESPECTFULLY SUBMITTED:

          */s/ John D. Kitch*
          JOHN D. KITCH, BPR #4569
          OF COUNSEL
          CORNELIUS & COLLINS LLP
          511 Union Street, Suite 1500
          P.O. Box 190695
          Nashville, Tennessee 37219
          (615) 244-1440/fax 254-9477
          jdkitch@cclawtn.com

          **ATTORNEY FOR DEFENDANT**
          **JIM COCHRUN**

5

Case 3:18-cv-00225   Document 1   Filed 02/21/18   Page 5 of 6 PageID #: 5

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of February, 2018, a true and correct copy of the foregoing document has been served on counsel of record in accordance with the Federal Rules of Civil Procedure.

_____

John D. Kitch