IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT D. SMITH,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No: 3:18-cv-00225 |
| | ) | Judge Campbell |
| **JIM COCHRAN,** | ) | Magistrate Judge Frensley |
| **Defendant** | ) | |

**PLAINTIFF ROBERT D. SMITH'S OBJECTION TO BILL OF COSTS FILED BY DEFENDANT JIM COCHRUN**

Comes Now, Plaintiff, Robert D. Smith, by and through the undersigned counsel, Jonathan Jackson Pledger, and files this Objection to the Bill of Costs filed by Defendant Jim Cochrun on February 26, 2019. Plaintiff objects to the award of costs to Defendant as Defendant is not the prevailing party and as such not entitled to the award.

Pursuant to Federal Rule of Civil Procedure 54(d), the Court may award costs – other than attorney's fees – to the **prevailing party**. Before an award of costs is made to a party, the party must be found to be the prevailing party. This matter was voluntarily dismissed without prejudice by the Plaintiff before the initial case management conference. As such, this matter has been dismissed without an adjudication on the merits. The Plaintiff remains free to bring this suit within one year of the dismissal. The Defendant under these circumstances cannot be considered a prevailing party.

Even if the Court determines that Defendant is the prevailing party in this matter, it is within the Court's discretion to deny an award of fees. *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728 (6th Cir. 1986). Federal Rule of Civil Procedure 54 creates a presumption in favor of awarding costs to a prevailing party, but allows denial of costs at the discretion of the court. *Singleton v. Smith,* 241 F.3d 534, 539 (6th Cir. 20010). In addition, the

1

Court must determine that the expenses are allowable and that the amounts are reasonable and necessary. *Lashaunna Banks v. Bosch Rexroth Corp.,* 611 Fed. Appx. 858 (6th Cir. 2015).

Plaintiff has acted in good faith in originally filing this matter in the Chancery Court for Williamson County, Tennessee. Because of the difficulty of this case and the emotional and financial strain that such a case places on the parties involved, Plaintiff determined that the best course of action was to voluntarily dismiss this matter at the start of the proceedings before either party expended an excessive amount of time or recourses.

While filing fees and cost of transcription are allowable costs to a prevailing party, the costs must be both reasonable and necessary. The costs claimed by Defendant in this matter were neither reasonable nor necessary. First it was not necessary to remove this action to federal court. Second, the Plaintiff has included costs for the transcription of a telephone call. At this early stage in the litigation, prior to the initial case management conference, where the Defendant had yet to file an answer to the complaint or have need for a transcript, the costs was neither reasonable nor necessary.

Wherefore, Plaintiff respectfully objects to Defendant's Bill of Costs and respectfully requests the Court deny the award of any of the Defendant's costs in this matter.

Respectfully submitted,

s/ Jonathan Jackson Pledger
Jonathan Jackson Pledger, 021922
Of Counsel, The Waterford Law Group, PLLC
P.O. Box 1089
Franklin, Tennessee 37067
(615) 479-3011 – Telephone
(615) 823-2937 – Facsimile
jpledger@waterfordlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has transmitted a true and exact copy of the foregoing document to John D. Kitch, Esquire at jdkitch@cclawtn.com and Murtaza Sutarwalla, Esquire at murtaza@eslawpartners.com ad George Edwards, III at geroge@eslawpartners.com, attorneys for Defendant on this 11th day of February, 2019.

s/ Jonathan Jackson Pledger
Jonathan Jackson Pledger