IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT D. SMITH,** § | | |
| **Plaintiff** § | | |
| § | | |
| **v.** § | | Case No: 3:18-cv-00225 |
| § | | Judge Campbell |
| **JIM COCHRUN,** § | | Magistrate Judge Frensley |
| **Defendant** § | | |
| § | | |

## DEFENDANT JIM COCHRUN'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO BILL OF COSTS

COMES NOW, Defendant JIM COCHRUN ("Cochrun"), and files this his Response to Plaintiff's Objections to Bill of Costs, in the above-numbered and styled case.

### Background

1. Plaintiff Robert D. Smith ("Smith") filed the complaint on February 12, 2018 in the Chancery Court of Williamson County, Tennessee located in this District. Cochrun removed the case to this Court on February 21, 2018, and Cochrun filed his amended answer on March 29, 2018. Almost one year to the day, on February 11, 2019, Smith filed a notice of voluntary non-suit. *See* Doc. 21. Cochrun timely requested the Clerk to tax costs for court costs and exemplification costs in the total amount of $921.00. Plaintiff has now objected to Cochrun's Bill of Costs.

### Argument

2. Pursuant to Smith's own notice of voluntary non-suit cited above, Plaintiff specifically stated that costs are to be taxed to Plaintiff.

1

> Comes Now, Plaintiff, Robert D. Smith, by and through the undersigned counsel, Jonathan Jackson Pledger, and gives notice that the complaint filed in this matter against Defendant Jim Cochran, is voluntarily dismissed without prejudice, with costs taxed to the Plaintiff, for which execution may issue, if necessary.

3. Given that on February 11, 2019 Plaintiff stated that costs are to be taxed to Plaintiff, it is unclear why Smith now objects to Defendant's bill of costs on March 12, 2019.

4. Defendant's costs are limited to three items which are reasonable and necessary to the state of litigation at the time of dismissal, which are each permitted by 8 U.S.C. § 1920 – (i) the clerk costs for removing the lawsuit from state court to federal court; (ii) the clerk costs for *pro hac vice* fees for the undersigned attorneys; and (iii) the exemplifications costs for transcription of a 56 minute-long phone call between Smith and Cochrun.

5. First, the cost of removal of the lawsuit was necessary because this case should have been in federal court in the first place (and not in state court) given the total diversity of citizenship of the litigants and the amount in controversy was $750,000 plus attorneys' fees. Cochrun's citizenship and residence was entirely known to Plaintiff at the time of filing the state lawsuit, and so was the alleged damages. Plaintiff could have saved this cost by filing in the right court in the first place.

6. Second, the *pro hac vice* fees are a necessary cost for out-of-district attorneys and are the same cost assessed by the Clerk of this Court.

7. Third, the transcription costs were necessitated by Smith sending premature discovery requests on April 9, 2018 prior to holding the Rule 26(f) discovery conference or the Rule 16(b) scheduling conference. Plaintiff served 23 interrogatories and 13 requests for productions, including the following four (4) RFPs that were directly relevant to the

2

DEFENDANT'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO BILL OF COSTS
Case 3:18-cv-00225   Document 29   Filed 03/13/19   Page 2 of 5 PageID #: 111

transcription costs incurred by Cochrun:

> 4. Any and all photographs or recordings related to in anyway any contact with Plaintiff or the alleged offense.
>
> **RESPONSE:**
>
> 5. Any and all written and/or recorded statements obtained from or attributed to the Plaintiff.
>
> **RESPONSE:**
>
> 6. Any and all statements concerning this lawsuit or its subject matter made by any witness to the alleged offense or the publication (oral or written) by the Defendant regarding the alleged offense.
>
> **RESPONSE:**
>
> 8. Any and all documents, writings, recordings and/or other tangible items related to the publication (oral or written) by the Defendant regarding the alleged offense or any publication (oral or written) by the Defendant regarding the alleged offense.
>
> **RESPONSE:**

8. While these discovery requests were premature at the time of service, once the Rule 26(f) discovery conference was held, they would be due immediately within 30 days without need of any further action by Plaintiff on Defendant. It was for this reason that the transcription was required at this stage of litigation.

9. Defendant would also point that the equities favor awarding the taxable costs to Cochrun as Rule 54 creates a presumption in favor of awarding costs to a prevailing party.

3

**Wherefore,** Defendant respectfully requests that the Court award his taxable costs in this matter and to such other relief that he is justly entitled to.

    Respectfully submitted,

    **EDWARDS SUTARWALLA PLLC**

    By: /s/ Murtaza F. Sutarwalla

    Murtaza Sutarwalla
    Texas State Bar No: 24056398
    Federal ID No. 2589991
    George Edwards III
    Texas State Bar No. 24055438
    Federal ID No. 1031248
    Brent Webster
    Texas State Bar No. 24053545
    1300 McGowen Street, Suite 270
    Houston, Texas 77004
    Telephone: (832) 717-2562
    Fax: (713) 583-8715
    Email: murtaza@eslawpartners.com
    Email: george@eslawpartners.com
    Email: brent@eslawpartners.com

    Each of the above lawyers has been admitted *Pro Hac Vice* to this Court.

    **ATTORNEYS FOR DEFENDANT JIM COCHRUN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this *Defendant's Response to Plaintiff's Objections to Bill of Costs,* was served electronically on those persons who receive electronic notification from the Court through the Court's CM / ECF filing system to Plaintiff's counsel and Defendant's co-counsel, as indicated below pursuant to the Federal Rules of Civil Procedure, on this, the 13st day of March, 2019:

Jonathan Jackson Pledger
219 Third Avenue North
Franklin, TN 37064
Telephone: 615-479-3011
Fax: 615-823-2937
Email: jjpldeger@comcast.net
**ATTORNEY FOR PLAINTIFF**

Kurt Beasley
Waterford Law Group, PLLC
PO Box 1089
Franklin, TN 37065
Telephone: 615-373-2500
Email: kbeasley@waterfordlaw.com
**ATTORNEY FOR PLAINTIFF**


John D. Kitch, BPR #4569
Of Counsel
**CORNELIUS & COLLINS LLP**
511 Union Street, Suite 1500
P.O. Box 190695
Nashville, Tennessee 37219
(615) 244-1440/fax 254-9477
jdkitch@cclawtn.com
**ATTORNEY FOR DEFENDANT**


      /s/ Murtaza F. Sutarwalla
      Murtaza Sutarwalla

5

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**OBJECTIONS TO BILL OF COSTS**
Case 3:18-cv-00225   Document 29   Filed 03/13/19   Page 5 of 5 PageID #: 114